BRUNETTI, Circuit Judge.
Because the bankruptcy court did not clearly err in awarding the remainder of the insurance proceeds to Catambay’s bankruptcy estate, I respectfully dissent.
Throughout the bench trial, Ting did not rebut the language in the Assignment of Proceeds (signed by her) that she agreed to “assign any and all proceeds of any life insurance or other insurance policies of which I am a beneficiary to Ms. Rizalina P. Catambay.” Ting has not demonstrated that there was fraud or mistake to preclude enforcement of this assignment. Rosenthal v. Great Western Fin. Securities Corp., 14 Cal.4th 394, 58 Cal.Rptr.2d 875, 926 P.2d 1061, 1076-78 (1996) (stating elements of contract and grounds for non-enforcement of contract).
Subsequent language in the assignment clouds the intent of the document by stating “it is the express purpose of this Assignment of Proceeds to expedite the payment of claims of said insurance policy or policies, and to allow ... Ms. Catambay to collect said payment or payments and to make such distributions in the manner as I have previously agreed with Ms. Catambay.” The bankruptcy court, in resolving these other “such distributions,” attempted to sort through the parties’ conflicting trial evidence and testimony and resolve this dispute fairly. Its conclusion was not clearly erroneous — that is, devoid of all logic. By awarding Catambay half, with the knowledge that Ting already had received the other half, the bankruptcy court was attempting to address the creditors who arose due to the funeral expenses incurred by Catambay. While it might have been error for the bankruptcy court to have given consideration to Catambay’s agreement with Watkins, this inconsequential reference to Watkins, an unsecured creditor in the bankruptcy estate, does not justify reversing the disposition.
I would therefore affirm the judgment of the bankruptcy court.